**Tara L. RICHERSON, Plaintiff–Appellant,**

**v.**

**Jeanne BECKON, in her individual capacity and official capacity as Executive Director of Human Resources for the Central Kitsap School District, Defendant–Appellee.**

No. 08–35310.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed June 16, 2009.

As Amended Aug. 27, 2009.

Kenneth Robert Friedman, Friedman Rubin & White, Terry Venneberg Esquire, Bremerton, WA, for Plaintiff–Appellant.

Diana Blakney, Tierney Law Office, Michael B. Tierney, Mercer Island, WA, for Defendant–Appellee.

Before: CANBY, THOMPSON and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Appellant Tara L. Richerson appeals from the district court's summary judgment in her 42 U.S.C. § 1983 action against appellee Jeanne Beckon, Director of Human Resources for the Central Kitsap School District. Richerson alleges that Beckon involuntarily and unconstitutionally transferred Richerson from her position as a "curriculum specialist" and "instructional coach" into a classroom teaching position in retaliation for Richerson's exercise of her First Amendment rights through her personal internet blog.

We assume, without deciding, that at least some of Richerson's speech was of public concern, and we also assume, without deciding, that Richerson's transfer was an adverse employment action. We nevertheless affirm the summary judgment because Richerson's transfer was appropriate under the balancing test laid out in *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

It is undisputed that the positions from which Richerson was transferred required that she enter into trusting mentor relationships with other, less-experienced teachers in order for her to give honest, critical, and *private* feedback. Richerson's publicly-available blog included several highly personal and vituperative comments about her employers, union representa-

tives, and fellow teachers. Although Richerson did not refer to these individuals by name, many were easily identifiable by the description of their positions or their personal attributes. When this blog came to light, Beckon received several complaints from teachers and other employees of the District, including at least one person to whom Richerson was assigned as an "instructional coach" who thereafter refused to work with her. Beckon then transferred Richerson on the ground that her blog had fatally undermined her ability to enter into trusting relationships as an instructional coach.

That a public employee's speech touches on matters of public concern is a "necessary, but not a sufficient condition of constitutional protection." *Brewster v. Bd. of Educ.*, 149 F.3d 971, 979 (9th Cir.1998). Richerson's speech and Beckon's response are subject to the *Pickering* balancing test, which includes at least five factors. *See Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 n. 1 (9th Cir.1997). Particularly relevant to Richerson's case are the considerations of whether her speech "disrupt[ed] co-worker relations," "erode[d] a close working relationship premised on personal loyalty and confidentiality," or "interfere[d] with the speaker's performance of her or his duties." *Id.*

It is abundantly clear from undisputed evidence in the record that Richerson's speech had a significantly deleterious effect in each of these ways. Beckon provided testimony, not controverted by Richerson, indicating that several individuals refused to work with Richerson in the future. Common sense indicates that few teachers would expect that they could enter into a confidential and trusting relationship with Richerson after reading her blog. This uncontroverted testimony

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

therefore demonstrates an actual injury to the school's legitimate interests. *See, e.g. Settlegoode v. Portland Public Schools*, 371 F.3d 503, 513 (9th Cir.2004); *see also Connick v. Myers*, 461 U.S. 138, 151–52, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) ("When close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate."). Accordingly, the district court did not err in concluding that the legitimate administrative interests of the School District outweighed Richerson's First Amendment interests in not being transferred because of her speech. *See Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir.2009) (holding that, after underlying factual questions are resolved, the *Pickering* balancing inquiry is ultimately a question of law).

Because Richerson's transfer did not violate her constitutional rights, we need not address the question of qualified immunity. The district court's grant of summary judgment is

**AFFIRMED.**